IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-4433-M-BH |
| | § | |
| EL 8 SPORTS BAR & BILLIARDS INC., | § | |
| individually and d/b/a El 8 and d/b/a EL 8 | § | |
| SPORTS BAR & BILLIARDS and d/b/a | § | |
| EL 8 SPORTS BAR BILLIARDS; | § | |
| NADIA J. ESQUIVEL a/k/a NADIA | § | |
| JEANETTEESQUIVEL, individually and | § | |
| d/b/a EL 8 and d/b/a EL 8 SPORTS BAR | § | |
| BILLIARDS; and JAIME CEDILLO a/k/a | § | |
| JAMIE CEDILLO, individually and d/b/a | § | |
| EL 8 and d/b/a EL 8 SPORTS BAR & | § | |
| BILLIARDS and d/b/a EL 8 SPORTS | § | |
| BAR BILLIARDS, | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the *Order of Referral* dated February, 27, 2015 (doc. 15), this case has been referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Before the Court is *Defendant Jaime Cedillo's Motion to Set Aside Entry of Default Judgment*, filed on February 18, 2015. (doc. 14). Based on the relevant filings and applicable law, the motion should be **DENIED**.

## I. BACKGROUND

On November 5, 2013, J&J Sports Productions, Inc. (Plaintiff), sued Jaime Cedillo a/k/a Jamie Cedillo (Defendant), Nadia J. Esquivel a/k/a Nadia Jeanette Esquivel (Esquivel), and El 8 Sports Bar & Billiards Inc. (the Bar) for violations of the Federal Communications Act. (doc. 1.) Plaintiff alleged that

Defendants showed the closed circuit program, "Tactical Warfare: Manny Pacquiao v. Antonio Margarito, WBO Light Middleweight Championship Program," at the Bar without authorization on November 13, 2010. (*Id.*) The defendants were all personally served on December 17, 2013, and proof of service was filed on January 3, 2014. (doc. 5.)

On January 6, 2014, Defendant went to the office of Plaintiff's attorney to explain that he was not affiliated with the Bar at the time of the program, and to provide his bookkeeper's information so that she could provide support for his allegation. (doc. 14-1 at 2.)[1] Defendant contends that "Plaintiff's Counsel advised that if they needed anything else from [him], they would contact [him] – leaving [him] with the mistaken impression that [he] did not need to do anything further in this suit unless contacted." (*Id.*) According to Plaintiff, Defendant did not speak to its attorney, only to an employee of the law firm who was instructed not to make any representations or deals with defendants. (doc. 17-1.) Plaintiff's counsel's office did contact the bookkeeper that same day, and she agreed to fax supporting documents to the law office. (*Id.*) It never received those documents, however, even after a follow-up with the bookkeeper two weeks later. (*Id.*) None of defendants filed an answer or otherwise defended the case.

After the defendants failed to timely answer, Plaintiff sought entry of default on January 23, 2014, and the Clerk entered a default that same day. (docs. 6, 8.) Plaintiff also moved for entry of a default judgment on January 23, 2014. (doc. 7.) Plaintiff sent Defendant a copy of the motion for default judgment via regular and certified mail, which was signed for on January 27, 2014. (doc. 17-1 at 12-19.) Judgment was entered on February 18, 2014. (doc. 9.)

---

[1] Citations to the record refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

2

Defendant filed a motion to set aside default judgment exactly one year later on February 18, 2015. (doc. 14.)  With a timely filed response (doc. 17) and a reply (doc. 20), the motion is now ripe for recommendation.

## II.  RULE 55(c)

Defendant moves to set aside the default judgment under Rule 55(c). (doc. 14 at 1.)

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment.  There is a three-step process for securing a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).[2]  Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise".  *See id.*; *New York Life Ins.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55 (b); *New York Life Ins.*, 84 F.3d at 141.

Rule 55(c) provides that  "the court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c); *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008) (once a court enters a default judgment, the party bringing the motion to set aside default judgment should bring a motion according to Rule 60(b), not Rule 55(c)).  In this case, a default

---

[2] Rule 55(a) was amended in 2007 to delete a qualification that previously allowed entry of default only when a party failed to "defend as provided by these rules."  *See* Fed. R. Civ. P. 55 advisory committee notes (2007 am.).  The deletion was intended to reflect the actual meaning of the rule, which had been interpreted by federal courts as requiring only that a party "defend" against a judgment to defeat a request for entry of default.  *See id.* Prior to the amendment, courts regularly rejected the implication that every defense had to be in strict compliance with the rules.  *Id.*

judgment has already been entered, so Rule 60(b) governs. Defendant's motion is therefore properly considered under Rule 60(b)(1).[3] *See In re Chinese-Manufactured Drywall Prods. Liab. Litig*, 742 F.3d 576 (5th Cir. 2014) (quoting *Lacy*, 227 F.3d at 291–92) ("As we have previously explained, Rules 55(c) and 60(b) allow a district court to set aside an entry of default or default judgment for 'good cause.'").

### III.  RULE 60(b)(1)

Defendant contends that his failure to answer was the result of "excusable neglect" under Fed. R. Civ. P. 60(b)(1). (*See* doc. 20 at 3.)

Under Rule 60(b)(1), a court may relieve a party from a final judgment, order or proceeding based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Considerations under Rule 60(b)(1) include (1) whether the failure to respond was willful; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant has presented a meritorious defense. *G&C Land v. Farmland Mgmt. Sevs.*, 587 F. App'x 99, 102 (5th Cir. 2014) (per curiam); *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Scott v. Carpanzano*, 556 F. App'x 288, 293 (5th Cir. 2014); *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (holding that the former willful standard should be replaced with "the less subjective excusable neglect standard in the future" for determining culpability of defendant's actions). These factors are "somewhat analogous" to the factors used under Rule 55(c), but are applied more rigorously under Rule 60(b). *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). "[The Fifth Circuit] has set a high bar for what a party

---

[3] Plaintiff raised this issue in its response and specifically addressed the merits of Defendant's motion under Rule 60(b)(1). (doc. 17.)  Although Defendant maintained in his reply that Rule 55(c) governs, he did address Rule 60(b)(1) in reply. (doc. 20.)

must show to receive relief under Rule 60(b)(1)." *Williamson v. City of Morgan City*, 428 F. App'x 356, 357 (5th Cir. 2011) (per curiam).

The Supreme Court has held that excusable neglect is an " 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the [movant's] control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id*. at 388. Rule 60(b)(1) is "not wholly open-ended", however. *Pryor*, 759 F.2d at 287. "Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." *Id*. (citation omitted). Moreover, "a party has a duty of diligence to inquire about the status of a case, and that Rule 60(b) relief will be afforded only in 'unique circumstances.' " *Id*. (citing *Wilson v. Atwood Group*, 725 F.2d 255, 257-58 (5th Cir.) (en banc), *cert. dism'd*, 468 U.S. 1222 (1984)).

Here, Defendant contends that his failure to respond was not willful because (1) he did not fully understand the legal ramifications of the proceedings until after the default was entered, as a result of "cultural and linguistic barriers", and (2) he contacted the office of Plaintiff's attorney after being served. (docs. 14 at 2, 14-1 at 1-2; 20 at 4-5.) The Fifth Circuit has rejected alleged unfamiliarity with the U.S. legal system as a basis for a finding of excusable neglect. In *In re Chinese-Manufactured Drywall Prods*., a Chinese company moved to set aside a default judgment on grounds that its default was not willful, since it was "wholly unsophisticated and unfamiliar with U.S. litigation practice and failed to understand the significance of a complaint", and it only retained counsel after the default was entered. 742 F.3d at 593. The Fifth Circuit noted that "If [the defendant] did not fully understand the significance of the . . . Complaint, it should have sought legal advice." *Id*. at 594. "Our inquiry properly focuses on whether

5

[the defendant] willfully failed to respond to the . . . Complaint within the allotted time period, and not how it responded once it was already in default." *Id.*

Like the defendant in that case, Defendant was properly served and had an obligation to answer or otherwise defend within the time identified in the Federal Rules of Civil Procedure, but failed to do so. Additionally, Plaintiff sent him a copy of its request for entry of default and motion for default judgment by regular and certified mail the same day it filed them. (doc. 171 at 1-2.) Even if Defendant was reasonably confused about the impact of providing his bookkeeper's information to Plaintiff's attorney, he was put on notice by the motion for default judgment by regular and certified mail of the significance of his failure to respond. Defendant waited an additional year before hiring an attorney or taking any action. Accordingly, he has failed to show that his default was not willful for purposes of a finding of excusable neglect under Rule 60(b)(1).[4]

### III.  RECOMMENDATION

The motion to set aside default judgment should be **DENIED**.

**SO RECOMMENDED** on this 11th day of August, 2015.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Because Defendant has failed to show that his failure to respond was not willful, it is not necessary to examine the other factors. *In re Chinese-Manufactured Drywall Prods.*, 742 F.3d at 594 ("A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding.") (quoting *Lacy*, 227 F.3d at 292).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE